SANDRA KHALILI (SBN 187809)
sandra.khalili@gmlaw.com
MADISON M. MARDER (SBN 346796)
madison.marder@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Telephone: 323.880.4520
Facsimile: 954.771.9264

Attorney for Applicants
**ZVI KARAVANI and NILI KARAVANI**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| *In Re Ex Parte* Application of<br><br>ZVI KARAVANI and<br><br>NILI KARAVANI,<br><br>            Applicants. | Case No. 5:26-mc-80204<br><br>***EX PARTE* APPLICATION FOR ORDER AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>*[Filed concurrently with Declaration of Ilanit Regev Konfino; [Proposed] Order]* |

---

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Applicants ZVI KARAVANI and NILI KARAVANI (collectively, "Applicants") hereby respectfully submit this *Ex Parte* Application for an Order Authorizing Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Application") and request the issuance of a subpoena directing GOOGLE, LLC ("Respondent" or "Google"), a limited liability company domiciled in this district, to produce and disclose all the contents of the Google account registered under the email address at lidork1@gmail.com belonging to the Applicants' deceased son, Lidor Yosef Karavani (the "Decedent"), for use in the foreign judicial proceeding pending in Israel before the Magistrates Court in Eilat, as *Karavani, et al. v. Google Israel Ltd. et al.*, Case No. TADM 61312-07-25.

This Application is based upon the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Ilanit Regev Konfino and Exhibits thereto, and upon such oral and documentary evidence as may be introduced at or before the hearing on this Application.

Dated: July 9, 2026                    **GREENSPOON MARDER LLP**

                                       By: */s/ Sandra Khalili*
                                       Sandra Khalili (CA Bar No. 187809)
                                       Attorney for Applicants
                                       ZVI KARAVANI and NILI KARAVANI

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................. 7

II.    FACTUAL BACKGROUND ............................................................... 7

   A.    The Parties ................................................................................. 7

   B.    The Israeli Proceeding and Discovery Sought .......................... 8

III.    JURISDICTION AND VENUE ........................................................... 9

IV.    LEGAL ARGUMENT ......................................................................... 9

   A.    Legal Standard ........................................................................... 9

   B.    The Application Satisfies § 1782's Statutory Requirements for
         Relief ....................................................................................... 12

      1.    Google is Found in this District ..................................... 12

      2.    The Discovery Sought Is For Use In A Foreign Proceeding ...... 13

      3.    The Discovery Is Sought By "Interested Persons" ..................... 13

   C.    The Application Satisfies § 1782's Discretionary Factors for
         Relief ....................................................................................... 14

      1.    Google's Participation In The Israeli Proceeding Does Not
            Preclude § 1782 Aid. ..................................................... 14

      2.    Israeli Courts Are Receptive To U.S. Judicial Assistance ......... 15

      3.    There Is No Circumvention Of Foreign Discovery
            Procedures ..................................................................... 17

3

4.    The Request Is Not Unduly Burdensome Or Intrusive ..............18

D.    Google's Disclosure Of The Contents Will Not Violate U.S. Law......18

E.    The Application Should Be Granted *Ex Parte*.......................................20

V.    CONCLUSION ..............................................................................................20

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Alpine Partners*,
635 F. Supp. 3d at 913 ...................................................................................... 18

*In re Alpine Partners, (BVI) L.P.*,
635 F. Supp. 3d 900, 908 (N.D. Cal. 2022) ...................................................... 10

*In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*,
195 F. Supp. 3d 899, 905 (S.D. Tex. 2016) ...................................................... 16

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
34 F.4th 801 (9th Cir. 2022) ............................................................................... 9

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
No. C08-05124 HRL, 2009 WL 88348 at *3-4 (N.D. Cal. Jan. 13,
2009) ................................................................................................................. 15

*In re Google, Inc.*,
No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15,
2014) ................................................................................................................. 17

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ............................................................. 11, 13, 14, 15, 17, 18

*IP Com GMBH & Co. KG v. Apple Inc.*,
61 F. Supp. 3d 919 (N.D. Cal 2014) ........................................................... 11, 20

*Khrapunov v. Prosyankin*,
931 F.3d 922 (9th Cir. 2019) ....................................................................... 11, 12

*In re Matsumoto*,
No. 5:23-mc-80230-EJD, 2023 U.S. Dist. LEXIS 188538 (N.D. Cal.
Oct. 19, 2023) .................................................................................................. 12

*Palantir Techs., Inc. v. Abramowitz*,
415 F. Supp. 3d 907 (N.D. Cal. 2019) .............................................................. 16

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*,
634 F.3d 557 (9th Cir. 2011) ............................................................................. 11

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

*Rainsy v. Facebook, Inc.*,
311 F. Supp. 3d 1101 (N.D. Cal. 2018)..............................................................13

*In re Ex Parte Raphael Darmon*,
No. 17-mc-80089-DMR, 2017 WL at *4 (N.D. Cal. Aug. 2, 2017)..................16

*In re Todo*,
No. 5:22-mc-80248- EJD, 2022 U.S. Dist. LEXIS 179150 (N.D.
Cal. Sept. 30, 2022) ..........................................................................................12

*United States v. Google LLC*,
690 F. Supp. 3d 1011 (N.D. Cal. 2023)..............................................................14

*In re Varian Med. Sys. Int'l AG*,
No. 16-mc-80048, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar.
24, 2016) .............................................................................................................20

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
596 U.S. 619 (2022) ...........................................................................................10

*ZURU, Inc. v. Glassdoor, Inc.*,
614 F. Supp. 3d 697 (N.D. Cal. 2022)................................................................10

**Other State Cases**

*1917/92 Skoler v. Jerbi, IsrSC 47(5) 764, 771 (1993)* .............................................19

**Federal Statutes**

18 U.S.C.
§§ 2701, *et seq.* ........................................................................15, 18, 19
§ 2702(b)(3) .........................................................................................19

28 U.S.C.
§ 1291 ..............................................................................................................9
§ 1782 ......................................7, 9, 10, 11, 12, 13, 14, 15, 16, 20
§ 1782(a) ...............................................................9, 10, 11, 12, 14

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Applicants Zvi Karavani and Nili Karavani (collectively, "Applicants") respectfully submit this Application requesting that the Court issue an order directing Respondent Google LLC ("Respondent" or "Google") to produce and disclose the contents of the Google account belonging to the Applicants' deceased son, Lidor Yosef Karavani.  The Application is authorized and an order may be issued under 28 U.S.C. § 1782.

### II.    FACTUAL BACKGROUND

#### A.    The Parties

Lidor Yosef Karavani (the "Decedent"), a soldier in the Israel Defense Forces, was killed tragically on December 17, 2023, in action during the "Iron Swords" War after the armored vehicle in which he was seated sustained a direct anti-tank missile strike.  [Declaration of Ilanit Regev Konfino ("Regev Decl.")  ¶¶ 3-6 and 9; Ex. B].

Applicants are the parents and lawful heirs of Decedent. [Regev Decl., ¶¶ 10-11, Exs. C and D]. Applicants, having suffered the devastating loss of their beloved son, seek to gather every possible piece of information, memory, and digital content relating to him for the purpose of honoring his memory and preserving his personal and family legacy.  However, the mobile phone in Decedent's possession was destroyed, severing the Applicants' access to Decedent's Google account under the email address lidork1@gmail.com (the "Decedent's Account").

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Google is a California limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043, and therefore subject to jurisdiction in California and in this venue.

## B.    The Israeli Proceeding and Discovery Sought

Applicants contacted Google, requesting that Google disclose the contents of the Decedent's Account for the sole purpose of preserving the memory and legacy of their beloved son – the Decedent. Google responded by expressing its condolences and explained that in order to proceed with Applicants' request, Google requires a U.S. court order directing Google to produce the requested information. [Regev Decl. ¶¶ 12-15, Exs. E and F]. On July 23, 2025, Applicants initiated an action in Israel before the Magistrates Court in Eilat, pending as *Karavani, et al. v. Google Israel Ltd. et al.*, Case No. TADM 61312-07-25, the Honorable Dr. Nir Schneiderman, judge presiding (the "Israeli Proceeding"), and sought a court order directing Google to disclose the digital contents of the Account. [Regev Decl., ¶¶ 7-8, Ex. A].

On September 29, 2025, the court in the Israeli Proceeding granted that order, and issued a Judgment against Google, before Google filed its response to the motion. [Regev Decl., ¶ 13, Ex. F]. However, because Google did not have the opportunity to file any response and did not appear in the Israeli Proceeding before the Judgment was issued, Google intended - and would have legal grounds - to set aside the Judgment. Nevertheless, instead of contesting the Application, Google has communicated with Applicants' counsel, Ilanit Regev Konfino, concerning the

Applicants' obtaining a U.S. court order through a § 1782 Application, has assured Applicants that Google will take no position on the issuance of such an order, and reserves all rights and objections with respect to the order if it does issue. *See, e.g., CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022).

Under these circumstances, Google filed a motion – with the Applicants' consent – to extend its deadline to set aside the Judgment in the Israeli Proceeding, to allow Applicants time to file this Application and obtain the information they seek by way of a § 1782 Application.  The Israeli court granted Google's motion, extending its deadline to July 8, 2026.  [Regev Decl., ¶ 14-16; Ex. G].

## III.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1782 because this is an application for discovery by a party currently pending in Israel and seeks the disclosure of Decedent's Account in the custody, possession, and/or control of Google to be used in the Israeli Proceeding. Additionally, venue in this District is proper under 28 U.S.C. §§ 1291 and 1782(a) because Google's principal place of business in Mountain View, California is located in this District.

## IV.  LEGAL ARGUMENT

### A.  Legal Standard

28 U.S.C. § 1782 provides in pertinent part:

> [t]he district court of the district in which a person resides or is found may order him to give· his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal

investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal, or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

"The animating purpose of § 1782 is comity: Permitting federal courts to assist foreign and international governmental bodies promotes respect for foreign governments and encourages reciprocal assistance." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 632 (2022); *see also ZURU, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 703 (N.D. Cal. 2022) ("The statute is generous and reflects a hope that if federal courts assist with foreign litigation, foreign courts will do the same when the tables are turned."); *In re Alpine Partners, (BVI) L.P.*, 635 F. Supp. 3d 900, 908 (N.D. Cal. 2022) ("A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.").

This Court is authorized to grant a § 1782 Application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the Application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the Application is made by a foreign or international tribunal or 'any interested person.'"

10

*Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

District courts have broad discretion to authorize discovery under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004). The Supreme Court identified four factors that district courts should consider when exercising their discretion to grant § 1782 discovery applications:

> [1] "whether the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to U.S. courts." *Intel*, 542 U.S. at 252.

Additionally, § 1782 Applications are generally considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IP Com GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922

(N.D. Cal 2014)(quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).

### B.   The Application Satisfies § 1782's Statutory Requirements for Relief

This Application meets the statutory requirements under § 1782 because (1) Google "resides" or "is found" in this judicial district where the Application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal" – the Magistrates Court in Eilat, Israel; and (3) the Application is made by an "interested person" (the plaintiffs in the Israeli Proceedings). *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); 28 U.S.C. § 1782(a).

### 1.   Google is Found in this District

First, Google's principal place of business is located in Mountain View, California, which is located in this judicial district. Courts in the Northern District of California have regularly held that "[i]n this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business." *In re Todo*, No. 5:22-mc-80248- EJD, 2022 U.S. Dist. LEXIS 179150, at *5 (N.D. Cal. Sept. 30, 2022) (collecting cases); *In re Matsumoto*, No. 5:23-mc-80230-EJD, 2023 U.S. Dist. LEXIS 188538, at *5 (N.D. Cal. Oct. 19, 2023) (relying on *In re Todo* to find that the respondent was "found" within the District). As a result, Google "resides" or "is found" in this judicial district where the Application is made.

## 2.    The Discovery Sought Is For Use In A Foreign Proceeding

Second, to be "for use" in a foreign proceeding, a "party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be 'permissive' in interpreting that standard." *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018).

Here, Applicants seek the assistance of this Court in obtaining the contents of Decedent's Account. The disclosure Applicants are seeking in the Israeli Proceeding is the sole relief they seek by way of this Application.  Since Google argues that the Israeli court could not, and should not issue the judgment (based on the grounds explained below) and already has informed Applicants it will not take a position on this Application, a U.S. Court order has authority to aid Applicants in obtaining the content of Decedent's Account for use in the Israeli Proceeding.

## 3.    The Discovery Is Sought By "Interested Persons"

Applicants are "interested person[s]" within the meaning of 28 U.S.C. § 1782. An interested person is one who has significant "participation rights" in the foreign action. *Intel*, *supra,* 542 U.S. at 256-57. As the Supreme Court noted in *Intel*, "litigants are included among, and may be the most common example, of the 'interested person[s]' who may invoke § 1782." *Id*. Here, Applicants, the Decedent's parents, are the plaintiffs in the Israeli Proceeding, and thus, are "interested person[s]" under § 1782.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Therefore, Applicants satisfy the three statutory requirements under § 1782.

### C.    The Application Satisfies § 1782's Discretionary Factors for Relief

The discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* also weigh in favor of the Court granting the Application.

### 1.    Google's Participation In The Israeli Proceeding Does Not Preclude § 1782 Aid.

The first discretionary factor is whether the respondent is a participant in the foreign action. *Intel*, 542 U.S. at 264. As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. . . . In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid." *Intel*, 542 U.S. at 264 (internal citations omitted).

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding[,] ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023) (quoting *Intel*, 542 U.S. at 264). However, this factor does not preclude this Court from exercising its discretion to order discovery pursuant to § 1782. *In re Alpine Partners, (BVI) L.P.*, 635 F. Supp. 3d 900, 910-911 (N.D. Cal. 2022) ("Court f[ound]

this factor neutral as to those entities within [foreign tribunal's] jurisdiction," but ultimately granted § 1782); *see also Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348 at *3-4 (N.D. Cal. Jan. 13, 2009) (Court found first discretionary factor did not weigh in favor of either party where both parties were participants in foreign proceeding, but balancing the *Intel* discretionary factors together weighed in favor of granting § 1782 relief). Courts sitting in this District have clarified that "the key issue is whether the material is obtainable through the foreign proceeding." *Id.* (quoting *In re Varian Med. Sys.*, 2016 WL 1161568, at *3).

Here, Google and the discovery sought is located in the Northern District, and is governed by U.S. law. In short, Google argues that it is a U.S. based company and is subject to U.S. laws, including the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, which prohibits service providers from disclosing the contents of communications unless an exception applies. Therefore, Google argues that an order issued by an Israeli court compelling disclosure of such content would place Google in violation of federal law and would undermine principles of international comity and respect for foreign tribunals. Accordingly, Google argues that the court in the Israeli Proceeding is unable to compel Google to produce the discovery sought without the aid of § 1782. Therefore, the Court may exercise its discretion first factor weighs in granting this Application.

### 2.     Israeli Courts Are Receptive To U.S. Judicial Assistance

Second, with respect to determining the receptivity of a tribunal, the relevant

factor is "whether the foreign tribunal is willing to consider the information sought." *In re Alpine Partners, (BVI) L.P.*, 635 F. Supp. 3d 900, 911 (N.D. Cal. 2022) (quoting *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 U.S. Dist. LEXIS 38911, at *11 (N.D. Cal. Mar. 24, 2016)). "[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782, courts tend to err on the side of permitting discovery." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) (quoting *In re Varian Med. Sys. Int'l AG*, 2016 U.S. Dist. LEXIS 38911, at *12).

Here, there is no reason to believe that Israeli courts would be unreceptive to this Court's grant of the discovery sought or would otherwise object to this Court's assistance with discovery that will facilitate the Israeli Proceeding. *See In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 905 (S.D. Tex. 2016) (second factor weighed in favor of discovery because the "[t]he parties do not dispute that Israeli courts are generally receptive to §1782 evidence"); *see also Ex Parte Darmon*, No. 17-mc-80089-DMR, 2017 WL at *4 (N.D. Cal. Aug. 2, 2017 (second factor weighed in favor of discovery because Israeli proceeding was comparable to a civil action filed in a state or federal court). In fact, the court in the Israeli Proceeding granted Google's request to stay the judgment, inter alia, so Applicants could proceed with filing this petition, which Google confirmed it would not object.

As a result, there is no evidence that the discovery sought in this Application

16

would offend the Israeli court.  To the contrary, the Israeli court issued the order granting the discovery, and stayed that judgment pending this Application.

### 3.    There Is No Circumvention Of Foreign Discovery Procedures

The third factor directs the Court to consider "whether the [§] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Courts have found this factor weighs in favor of granting discovery where there is "nothing to suggest that [the Applicants are] attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014). This Application is not filed to circumvent foreign proof gathering restrictions or another policy of Israel, nor does it run afoul of Israeli laws.

Here, the purpose of Applicants' request is to gather every piece of information and memory regarding the Decedent, for the purpose of honoring his legacy and preserving his personal and family heritage. Applicants, as the heirs of Decedent, have undertaken to use the information solely for personal and family purposes, and not to publish it, except for respectful commemoration.

There are no proof gathering procedures under Israeli law that would limit the gathering of the evidence Applicants seek. Indeed, as set out above, the Israeli court stayed the Judgment pending the filing and determination of this Application for the sole purpose of receiving this information. Thus, this Application is clearly not an

17

attempt to circumvent any Israeli discovery restrictions or other policies because the Israeli court has already made a finding that the discovery sought was proper.

### 4.    The Request Is Not Unduly Burdensome Or Intrusive

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Generally, courts in this district have found that "requests are not burdensome when they are narrowly tailored" temporally, geographically and/or in their subject matter, "do not seek confidential information and do not 'appear to be a broad "fishing expedition" for irrelevant information.'" *In re Alpine Partners*, 635 F. Supp. 3d at 913 (quoting *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016)).

The instant request is not unduly burdensome or intrusive. Applicants' request is narrowly tailored to obtain the contents of Decedent's Account registered under the email address at lidork1@gmail.com. Moreover, the discovery requested is maintained by Google in the ordinary course of business, and Google has already informed Applicants that it will not take a position regarding the issuance of an order to produce the discovery sought herein; thus, the relief sought is not unduly burdensome or intrusive.

### D.    Google's Disclosure Of The Contents Will Not Violate U.S. Law

Google is a U.S. based company and is subject to U.S. laws, including the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, which prohibits service providers from disclosing the contents of communications unless an exception

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

applies. One such exception allows a service provider to divulge the contents of a communication with the lawful and appropriate consent authorized by 18 U.S.C. § 2702(b)(3).

Here, Decedent was the sole account holder of the Google Account registered under the email address, lidork1@gmail.com, and the Applicants are the parents and lawful heirs of Decedent and are the appropriate administrators of Decedent's estate under Israeli law. [Regev Decl., ¶¶ 9-11 Exs. B-D]. As reflected in the Judgment issued by the Israeli court, under applicable legal principles in Israel, a person's right to privacy continues after death, but the authority to determine whether to disclose private information passes to the lawful heirs. This principle was recognized by the Israeli Supreme Court, which held that heirs may authorize disclosure of information that was private during the deceased's lifetime. *1917/92 Skoler v. Jerbi, IsrSC 47(5) 764, 771 (1993)* (Nevo, 23.11.1993).

Accordingly, as the parents and lawful heirs of Decedent, and as the appropriate administrators of Decedent's estate, Applicants have provided valid legal consent for Google to produce to Applicants the reasonably accessible content in Decedent's Account. Thus, under the circumstances of this case, no law, legal duty, or obligation, including, but not limited to, the federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.,* prohibits Google from disclosing the contents Decedent's Account to Applicants.

### E.    The Application Should Be Granted *Ex Parte*

§ 1782 petitions typically are presented and granted *ex parte* because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IP Com GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). "Consequently, orders granting § 1782 Applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued . . . ." *In re Varian*, 2016 U.S. Dist. LEXIS 38911, at *2. Thus, in keeping with this District's regular course of practice, the Application may be granted *ex parte,* especially in this case, as Google already informed the Applicants that they will take no position on the issuance of this § 1782 petition - as noted above.

## V.    CONCLUSION

For the foregoing reasons, the Applicants respectfully request this Court grant this Application pursuant to 28 U.S.C. § 1782 and issue an order directing Google to produce and provide to Applicants access to all digital information, data, and content stored in the Decedent's Account.

Dated: July 9, 2026                        **GREENSPOON MARDER LLP**

By: */s/ Sandra Khalili*
Sandra Khalili (CA Bar No. 187809)
Attorney for Applicants
ZVI KARAVANI and NILI KARAVANI

20

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782